IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUGO CESAR GUERRERO, INDIVIDUALLY AND D/B/A FANDANGO USA, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO: 4:11-cv-1774 |
| VS. | § § § | |
| FREDDIE MARTINEZ SR., *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ON MOTION TO STAY

Before the Court is Defendants Freddie Martinez, Sr., A/K/A Alfredo Ricardo Martinez, Sr., Individually and D/B/A Mrafre Music Publishing Company, Freddie Martinez, Jr., A/K/A Alfredo Ricardo Martinez, Jr., John Martinez, Joann Martinez, Marc. J. Martinez, Brothers Trei, Ltd., Sterling Management, Inc., Marzcom Music, LLC, and A.R. Martinez Family Limited Partnership's ("Defendants") Motion to Stay Fraudulent Transfer Claims ("Motion to Stay"). (Doc. No. 30.) After considering Defendants' Motion to Stay, all responses and replies thereto, and the applicable law, the Court determines that Defendants' Motion to Stay must be **DENIED.**

Hugo Cesar Guerrero ("Plaintiff"), a producer, recording artist, and songwriter, alleges that Defendants have published, released and distributed his albums and musical compositions without his permission or consent. (Pl.'s Orig. Compl., Doc. No. 1 ¶ 20.) Plaintiff brought this action against Defendants for copyright infringement, declaratory judgment, misappropriation of name, image, and likeness, fraud, fraudulent inducement,

1

fraudulent concealment, fraudulent transfer of assets, negligence, constructive trust, and conspiracy. (*Id.* ¶¶ 21-46.) Defendants then filed this Motion to Stay, claiming that all fraudulent transfer claims should be stayed against all Defendants pending resolution of a bankruptcy action filed by Big F., Inc., d/b/a Freddie Records, Inc. (Mot. Stay ¶ 13.) Specifically, Defendants sought a stay consistent with the *Sanchez v. Freddie Records, Inc.* case, also in the District Court for the Southern District of Texas, in which fraudulent transfer claims were stayed as against debtor Big F, Inc. and all other defendants. *Sanchez v. Freddie Records, Inc.*, No. H-10-2995, 2011 WL 3606808, at *1 (S.D. Tex. Aug. 10, 2011). *Sanchez* shares some of the same defendants as the case currently before this Court.

Defendants argue that Plaintiff's fraudulent transfer claims must be stayed because Plaintiff seeks the recovery of property of debtor Big F's estate. Under 11 U.S.C. § 362(a), a petition for bankruptcy under sections 301, 302, or 303 "operates as a stay, applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In *In re: MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir. 1983), the Fifth Circuit held that "when ... a debtor is forced into bankruptcy, it makes the most sense to consider the debtor as continuing to have a 'legal or equitable interest' in the property fraudulently transferred within the meaning of section 541(a)(1) of the Bankruptcy Code." *Id.* at 1275. *See also Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1150 (5th Cir. 1987) ("Our reasoning [in *MortgageAmerica*] was that while the defendant in the state court action was not the debtor, but a control person of the debtor, the creditor's suit sought to recover property of the debtor's estate."). Thus, the automatic stay provision

under 11 U.S.C. § 362(a) "applies and prevents a creditor from continuing to pursue a cause of action under the Texas Fraudulent Transfers Act after a petition for bankruptcy has been filed." *Id.* The Court based its holding in part on "the fundamental bankruptcy policy of equitable distribution among creditors." *Id.* at 1275. If individual creditors' actions were not stayed, they would recover purely on a first-come-first-served basis, making equitable distribution of the property impossible. *Id.*

Defendants state that "the property alleged to be 'transferred' is property of Debtor Big F, Inc. and subject to the Bankruptcy Court." (Mot. Stay ¶ 4.) Plaintiff disagrees. In his response, Plaintiff asserts that he seeks to recover property that may be, and likely is, unrelated to the debtor's estate. (Pl.'s Resp., Doc. No. 31 at 13.) Defendants did not file a reply to Plaintiff's response.

The Court finds that Defendants have not shown that Plaintiff seeks to recover property of the debtor's estate. In fact, Plaintiff asserts that the property he seeks to recover may not belong to the debtor's estate at all. In the absence of further support for Defendants' claim that Plaintiff seeks recovery of the debtor's property, the Court cannot grant Defendants' Motion to Stay. Defendants' Motion to Stay is thus **DENIED.**

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 27th day of October, 2011.

_____
KEITH P. ELLISON
**UNITED STATES DISTRICT JUDGE**